JIM DONATHAN v. THE STATE.

No. 2352.   Decided February 12, 1902.

Gaming—Crack-Loo—Betting on.

Under Penal Code, article 388, the game of crack-loo is one not played with either dice or dominoes.  Our Legislature has prohibited the betting on such a game, and it was competent for it to do so.  The statute, supra, after enumerating the prohibited games played with dice or dominoes, uses the language, "or any game of any character," showing that they did not regard crack-loo as a game played with dice or dominoes.  It is a game played, as shown by the record, by tossing up coins.

Appeal from the County Court of Hood.   Tried below before Hon. Phil Jackson.

Appeal from a conviction for betting at crack-loo; penalty, a fine of $10.

No statement necessary.

*John J. Hiner,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of betting at a game called "crack-loo," and his punishment assessed at a fine of $10.

Appellant contends that this is not an offense under article 388 of our Penal Code.   As we understand it, his contention is that the portion of said article where the game of crack-loo is found is in connection with the inhibition of betting at games played with dice and dominoes.   We quote that portion of the article, as follows: "If any person shall bet or wager at any * * * of the following games, viz: poker-dice, jack-pot, high-dice, low-dice, low-die, dominoes, euchre with dominoes, poker with dominoes, sett with dominoes, muggins, crack-loo, crack-or-loo or at any game of any character whatever that can be played with dice or dominoes or at any table, bank or alley, by whatsoever the name may be known, and without reference as to how the same may be constructed or operated, he shall be fined * * *:  provided, no person shall be indicted under this section for playing at any of said games with dice or dominoes at a private residence."   True, crack-loo is found in connection with games that are played with dice and dominoes.   In fact, all the

games enumerated in that portion of the statute, except jack-pot and crack-loo, are such games as are played with dice or dominoes; but we do not think it by any means follows that, if crack-loo is a game not played with dice or dominoes, it is not prohibited by said statute. The games that precede crack-loo except jack-pot, which is a game played with cards, down to and including muggins, are all dice or domino games, while crack-loo, as we understand it, and as explained in the record here, is a game played by two or more persons tossing up a coin and letting it fall upon the floor; the one whose coin falls and remains nearest a crack in the floor being the winner. This is not played with either dice or dominoes, though one of the witnesses states that it could be played by tossing up dice or dominoes instead of a coin; but this is not the mode of playing the game. Following the enumeration of games, the language is not, "or at any other game of any character that can be played with dice or dominoes," etc., but the language is, "or at any game of any character," showing that the Legislature did not regard crack-loo as a game played with dice or dominoes. The dictionaries and books on gaming, so far as we have investigated, do not contain the game of crack-loo, or any definition thereof, and it seems to be peculiarly a Texas game. The Legislature has prohibited the betting on such game, and it was entirely competent for it to do so.

Appellant further contends that, if it is a game prohibited by the statute, it is a game played with dice or dominoes, and that the evidence shows that the playing was at a private house, and therefore it can not be an offense. What we have said above disposes of this contention. It is not a game played with dice or dominoes; but played, as shown by the witnesses, as stated above, by tossing up coins. The evidence supports the verdict of the jury. The judgment is affirmed.

*Affirmed.*